Entered on Docket December 11, 2018

Below is the Order of the Court.



_____
**Brian D. Lynch**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>CDC PROPERTIES I LLC,<br><br>　　　　　Debtor.<br><br>EQUITY FUNDING, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ERIC D. ORSE, et al,<br><br>　　　　　Defendants. | Case No. 11-41010-BDL<br><br><br>Adversary No. 18-4038-BDL<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** |

　　　Defendant Eric D. Orse and Defendants Diana K. Carey, Michael M. Feinberg and Karr Tuttle Campbell (collectively the "KTC Defendants") jointly moved (ECF No. 39) under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(c) for judgment in their favor on the pleadings as to claims alleged against them by Plaintiff Equity Funding. Orse moved for judgment on five of the six claims plead against him: the causes of action for Civil Contempt, Breach of Contract, Breach of the Duty of Good Faith and Fair Dealing, Breach of Fiduciary Duty, and Tortious

Interference. The KTC Defendants moved for judgment on the same five claims, as well as the claim for Negligence pled against them.[1]

Analysis

A motion for judgment on the pleadings under Rule 12(c) applies the same test as a motion under Rule 12(b)(6). *McGlinchy v. Shell Chemical Co.*, 845 F. 2d 802, 810 (9th Cir. 1988). Accordingly, the inquiry is "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). A facially plausible complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Conclusory allegations of law and unwarranted inferences are insufficient" to avoid dismissal. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). "A judgment on the pleadings is properly granted when there is no material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).

However, if a court grants a Rule 12 motion, it is within the court's discretion to also grant leave to amend the complaint. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008); *Woodward v. Morgenthau*, 740 F. Supp. 2d 433, 441 (S.D.N.Y. 2010). Such leave should be freely given if it is possible that further factual allegations will cure any defect. *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013).

Civil Contempt Claim

Equity Funding's first cause of action is captioned as civil contempt and is pled against all defendants, including Orse and the KTC Defendants. The body of the cause of action cites two statutes as a basis for holding defendants liable – R.C.W. 7.21.030(3) and 18 U.S.C.

---

[1] The cause of action for negligence (number six in the complaint) was also pled against Orse (as well as several other defendants) but Orse did not seek judgment on the claim on this motion.

ORDER GRANTING RULE 12(C) MOTION - 2

§401. However, R.C.W. 7.21.030(3) is only applicable by state courts. *See* R.C.W. 7.21.020; *Zehm v. City of Spokane*, 09-080, 2010 WL 11488774 at *1 (E.D. Wash. Jan. 22, 2010) ("plaintiff acknowledges per the plain language of RCW 7.21.020, contempt for violation of an order entered by a state court judge cannot be exercised by a federal court"). And 18 U.S.C. §401 is the federal criminal contempt statute, which requires a showing of a violation of a clear and reasonably specific court order, and that the violation was willful. *Matter of Hipp, Inc.*, 5 F. 3d 109, 112 (5th Cir. 1993). A willful violation requires proof beyond a reasonable doubt of a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent" violation of a court order. *Wright v. Nichols*, 80 F. 3d 1248, 1251 (8th Cir. 1996).

While not settled by the circuit court, it appears that bankruptcy courts in the Ninth Circuit do not have criminal contempt powers and cannot adjudicate a claim under 18 U.S.C. §401. *In re Dyer*, 322 F. 3d 1178, 1193 (9th Cir. 2003); *Atchison v. McConnell (In re McConnell)*,14-01420, 2015 WL 6125649 (Bankr. C.D. Cal. Oct. 8, 2015). *See also Hipp*, 5 F. 3d at 112.

Equity Funding's complaint alleges that Orse and the KTC Defendants knew of the confirmation order in CDC, knew the terms of the CDC plan confirmed thereunder and knew that a sale of the CDC properties would not satisfy the $6 million obligation owed to Equity Funding under the plan. The Court concludes this fails to state a claim under R.C.W. 7.21.030(3) as it involves orders of a federal court and also fails to state a claim under 18 U.S.C. §401 as it fails to allege a clear and reasonably specific court order to do or refrain from a specific action and also fails to allege a willful violation of such order. Further, Equity Funding's counsel admitted at the November 28th hearing on the motion that Equity Funding did not intend to allege a claim for criminal contempt. The joint motion of Orse and the KTC Defendants for judgment on these pleadings as to first cause of action – Civil Contempt – is GRANTED as the complaint has failed to properly allege such a claim against these defendants.

ORDER GRANTING RULE 12(C) MOTION  - 3

Case 18-04038-BDL    Doc 54    Filed 12/11/18    Ent. 12/11/18 16:16:16    Pg. 3 of 10

Breach of Contract Claim

Equity Funding's complaint alleges that the confirmed Plan of Reorganization approved in the CDC case creates a contractual relationship between CDC and its creditors.  That is a correct statement of law.  *Murdock v. Holquin*, 323 B.R. 275, 282 (N.D. Cal. 2005) ("a Chapter 11 plan of reorganization constitutes a new contract between a debtor and his or her creditors. […] If a reorganized debtor defaults under the plan, plan claim creditors can initiate an action for breach of contract").  However, Equity Funding goes on to allege that Orse and the KTC Defendants are liable for breaching the contract that is the CDC Plan.  The fatal flaw in this argument is that neither Orse nor the KTC Defendants are parties to the contract. They were not even involved with CDC until two years after the CDC Plan was confirmed.  If a defendant does not have duties under a contract because they are not a party to that contract, it follows that they cannot be deemed to have breached an obligation of the contract.

Orse's status as CDC's management representative doesn't make him a party to the contract or create duties for him independent of what CDC owes and owed to Equity Funding. CDC is a Delaware limited liability company and it is undisputed that under Delaware law "debts, obligations and liabilities" of a limited liability company, arising in contract or in tort, "shall be solely the debts, obligations, and liabilities of the limited liability company, and no member or manager …shall be obligated personally for any such debt, obligation or liability …solely by reason of being a member or acting as a manager."  6 Del. C. §18-303.

Equity Funding claimed in oral argument that the "John L. Scott" case establishes that under Washington law a third party can be held to breach a contract.  Presumably, this argument referred to *Edmonds v. Scott Real Estate*, 87 Wn. App. 834 (Wash. Ct. App. 1997), which was cited once, without pinpoint cite, in footnote 2 of Equity Funding's response (ECF No. 49). Equity Funding's footnote describes it as holding "third parties to a contract could be liable for damages arising out of a breach of contract."  The *Edmonds* case involves a suit between a real estate purchaser and her real estate broker, two parties in contractual privity with each other, unlike Equity Funding and Orse or the KTC Defendants.  The plaintiff sued

ORDER GRANTING RULE 12(C) MOTION  - 4

the real estate brokerage for breaches of the Washington Consumer Protection Act, breach of fiduciary duty and negligence in its representation of her in a real estate transaction when the brokerage found the purchaser in default of her escrow agreement and released funds to the buyer and itself. Part of the negligence claim involved the realtor's preparation of the escrow agreement and the brokerage's basis for determining whether the plaintiff was excused from performance under the agreement or whether she had breached it. But that involves the duty between the brokerage and the buyer, its client. The Court does not find that *Edmonds* establishes a cause of action under Washington law to hold a third party liable for a breach of contract it is not a party to.

The joint motion of Orse and the KTC Defendants for judgment on these pleadings as to second cause of action – Breach of Contract – is GRANTED as the complaint has failed to properly allege such a claim against these defendants.

Breach of the Duty of Good Faith and Fair Dealing Claim

Equity Funding's third cause of action alleges that Orse and the KTC Defendants violated the duty of good faith and fair dealing that was implied in the CDC Plan, as it is implied in every contract. Again, it is correct that every contract has an implied duty of good faith and fair dealing. However, just like breach of contract, as non-parties to the contract neither Orse nor the KTC Defendants can be liable for breaching these duties. *Badgett v. Security State Bank*, 116 Wash. 2d 563, 569, 807 P. 2d 356 (Wash. 1991). The duty of good faith and fair dealing does not inject substantive terms into a parties' contract; "[r]ather, it requires only that the parties perform in good faith the obligations imposed by their agreement. Thus, the duty arises only in connection with terms agreed to by the parties." *Id.* (internal citations omitted). As Orse and the KTC Defendants noted; "if there is no contractual duty, there is nothing that must be performed in good faith." *Johnson v. Yousoofian*, 84 Wn. App. 755, 762, 930 P.2d 921 (1996).

Equity Funding's only argument contrary was to rely on its citation to the "John L. Scott" case for the basis that a third party can be liable for breaching a contract. For the same

ORDER GRANTING RULE 12(C) MOTION - 5

reason that argument failed to establish a breach of contract claim, it fails to establish a breach of duty of good faith and fair dealing claim as to these defendants. The joint motion of Orse and the KTC Defendants for judgment on these pleadings as to the third cause of action – Breach of the Duty of Good Faith and Fair Dealing – is GRANTED as the complaint has failed to properly allege such a claim against these defendants.

<u>Breach of Fiduciary Duty Claim</u>

Equity Funding's complaint alleges that Orse and the KTC Defendants owed Equity Funding a fiduciary duty as Equity Funding was a creditor of CDC pursuant to the CDC Plan. In its response to the motion, Equity Funding cites Orse's testimony in a deposition in the Olympia Office New York bankruptcy cases that as management representative of CDC his duties were the same as his duties as a trustee in the Price and Um Chapter 11 cases. It argues as a corollary that as the professionals advising Orse, the KTC Defendants owed the same fiduciary duties.

Whether a fiduciary duty exists between parties is a question of law, not a matter of one party's belief. *Lang v. Hougan*, 136 Wn. App. 708, 718, 150 P.3d 622 (2007), *citing S.H.C. v. Sheng–Yen Lu*, 113 Wash. App. 511, 524, 54 P.3d 174 (2002). There are several related bankruptcy estates in play here – CDC, Prium (Case No. 14-41512), Price (Case No. 10-46732), Um (Case No. 10-46731) – and many other related LLCs. The entities may be related, and Orse may be playing a role within each one, but that does not mean Orse's roles and obligations are or were the same in each bankruptcy case. Orse was appointed the trustee in the Price and Um cases. As such he had fiduciary duties to creditors of the Price and Um estates to exercise the measure of care and diligence that an ordinarily prudent person would under the circumstances; to conserve assets of the estate and to maximize distribution to creditors. *In re Rigden*, 795 F. 2d 727, 730-31 (9th Cir. 1986). Those fiduciary duties are owed to creditors of the Price and Um bankruptcy estates, i.e. those who stand to receive a distribution from that bankruptcy estate. *Id.*

A bankruptcy trustee's fiduciary duties are like the fiduciary duties of corporate officers and directors. *In re Southwest Supermarkets, LLC*, 376 B.R. 281, 283-84 (Bankr. D. Ariz. 2007); *In re Performance Nutrition, Inc.*, 239 B.R. 93, 110 (Bankr. N.D. Tex. 1999). But just like officers and directors, those fiduciary duties do not extend to the creditors of subsidiaries. *In re James River Coal Co.*, 360 B.R. 139, 171-172 (Bankr. E.D. Va. 2007) (claims that directors and officers breached their fiduciary duty did not usually create liability to creditors of subsidiary, except where debtor and subsidiary had been substantively consolidated under debtor's chapter 11 case). As the trustee of only the Price and Um case, Orse does not owe fiduciary duties either to Prium's creditors, CDC Acquisition's or to CDC's. Even if he purportedly testified he thought he did.

In addition, CDC is a reorganized debtor and its bankruptcy case was closed at the time of the September 2016 transfers that Equity Funding contends breached the alleged fiduciary duties. Barring unique circumstances that the Court does not see here, "once a plan is confirmed, a reorganized debtor no longer owes a fiduciary duty to the estate because the estate ceases to exist." *In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 376 (B.A.P. 9th Cir. 2000). Instead, as the confirmed plan acts as a new contract between the debtor and creditors, those parties go back to being contracting entities, with the regular attendant duties between contract parties. Orse is not a trustee as to CDC and was never the representative of CDC when it was a debtor-in-possession. The Court concludes Equity Funding has not pled sufficient facts to establish Orse owed it a fiduciary duty.

Considering the KTC Defendants, they have no independent relationship with Equity Funding other than as the professionals retained by Orse to carry out his responsibilities as trustee in the Price and Um cases, and as management representative in the subsidiary LLCs. As the cases cited in the KTC Defendants' motion establish, no fiduciary duty arises from being an estate professional, even if the professional is representing a fiduciary. At oral

ORDER GRANTING RULE 12(C) MOTION - 7

argument Equity Funding's counsel contended "the Delorean case" established that an estate professional may have fiduciary duties. Again, this is not a case discussed in Equity Funding's response on this motion but one that Equity Funding previously cited during motion practice in the CDC main case as to the *Barton* doctrine, and whether any claims alleged by Equity Funding against Orse and the KTC Defendants could be filed in this court or any other. *In re Delorean Motor Co*, 991 F. 2d 1236 (6th Cir. 1993). In considering whether the protections of the *Barton* doctrine barred a suit against a trustee's attorneys, the *Delorean* court did state "[w]e hold, as a matter of law, counsel for trustee, court appointed officers who represent the estate, are the functional equivalent of a trustee where, as here, they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets." 991 F. 2d at 1241. But that statement is made solely in the context of considering what parties receive the protection of the *Barton* doctrine. *Delorean* does not create substantive duties between parties involved in a bankruptcy case. This Court required that Equity Funding obtain the permission of this court to sue Orse and the KTC defendants regarding their acts on behalf of CDC under the Barton doctrine, but made no ruling about whether such claims made by Equity Funding were meritorious.

The joint motion of Orse and the KTC Defendants for judgment on these pleadings as to fourth cause of action – Breach of Fiduciary Duty – is GRANTED as the complaint has failed to properly allege such a claim against these defendants.

<u>Tortious Interference Claim</u>

A claim for tortious interference requires (1) the existence of a valid contractual relationship of which the defendant has knowledge, (2) intentional interference with an improper motive or by improper means that causes breach or termination of the contractual relationship, and (3) resultant damage. *Elcon Constr., Inc. v. E. Wash. Univ.*, 174 Wn.2d 157, 168, 273 P.3d 965 (2012). Equity Funding's complaint alleges that Orse and the KTC Defendants knew that Equity Funding was a creditor under the CDC Plan with an expectancy

to be paid and the acts it contends were tortious interference: selling the property of CDC, depriving Equity Funding of any recovery against CDC's assets, improperly declaring defaults on the CDC Notes and failing to properly account for revenues and expenditures under the waterfall provisions of the CDC Plan.  Notably absent are allegations of wrongful intent, wrongful motive, or personal gain by either Orse or any of the KTC Defendants. Even Equity Funding's response to the motion for judgment on the pleadings states only that Orse and the KTC Defendants knew of the bankruptcy court orders and "knowingly violated" those orders. It does not identify any improper motive or benefit that Orse or KTC Defendants received from inducing or causing CDC to breach its Plan.  At oral argument, Equity Funding's counsel claimed it had pled that the parties caused the breach in order to increase their fees, but such an allegation is nowhere in either the complaint or Equity Funding's response to this motion. If Equity Funding chooses to amend its complaint as to this claim, the Court will be looking for factual allegations that establish a plausible improper motive, intent or means.

The joint motion of Orse and the KTC Defendants for judgment on these pleadings as to fifth cause of action – Tortious Interference – is GRANTED as the complaint has failed to properly allege such a claim against these defendants.

<u>Negligence Claim as to the KTC Defendants</u>

Lastly, the KTC Defendants alone have moved for judgment on the pleadings as to the sixth cause of action pled against them, for negligence.  Equity Funding's counsel again relied on the *Delorean* case to establish that the KTC Defendants owed some kind of duty to Equity Funding to comply with the terms of the CDC Plan, which they breached with their conduct. However, as already discussed – *Delorean* neither addresses substantive liability nor creates or recognizes a duty of an estate professional to any party other than their client.

The motion of the KTC Defendants for judgment on these pleadings as to sixth cause of action – Negligence – is GRANTED as the complaint has failed to properly allege such a claim against these defendants.

THEREFORE, as stated above, Orse and the KTC Defendants' Joint Motion for Judgment on the Pleadings is GRANTED in its entirety. However, Plaintiff Equity Funding is granted leave to file an amended complaint within 15 days of entry of this order.

///End of Order///